GENEROSA ROMÁN MORA, Petitioner and Appellant, v. THE FEDERAL LAND BANK OF BALTIMORE ET AL., Defendants and Appellees.

No. 6443.—Argued March 12, 1934.—Decided March 15, 1934.

L. *Mercader* for appellant. *Frank Martínez* and *E. Campos del Toro* for the appellee bank.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The Federal Land Bank of Baltimore brought, in the District Court of Arecibo, an ordinary action against Generosa Román widow of Mora and her children for the recovery of a mortgage debt, and the case having been decided in its favor, the mortgaged property was awarded to it at a public sale. Generosa Román thereupon instituted a separate injunction proceeding against the bank and the marshal of the

District Court of Arecibo, to enjoin her eviction from the property where she resided and in which she claimed a homestead right. The court issued a rule to show cause and a restraining order directed to the defendants. The defendant bank appeared and moved for a change of venue to the District Court of San Juan and, the transfer having been ordered, the petitioner took an appeal from the order of the lower court.

On December 5, 1933, at the instance of the Federal Land Bank of Baltimore and upon the giving of a bond, the District Court of San Juan dissolved the restraining order issued. The bank then requested from the District Court of Arecibo, within the action to recover on the mortgage, that it be put in possession of the property and, the writ sought having been issued, the defendant in said action, who was threatened with eviction by the marshal, vacated the property and the bank took possession of the same.

The appellee asks us to dismiss the appeal taken by the petitioner, on the ground that the appeal relating to the change of venue has become frivolous and academic, as the petition for injunction which is the object of the main proceeding has ceased to have any usefulness or purpose, since the Federal Land Bank of Baltimore has taken possession of the property and the only thing remaining in controversy is the alleged homestead right claimed by the petitioner in the property in question. The appellant objects to the dismissal and urges that the appeal is not academic, for if the order appealed from were reversed, the action of the District Court of San Juan, including the dissolution of the restraining order upon the giving of a bond, would be rendered void.

The injunction was sought and a restraining order obtained to enjoin the eviction of the defendant from the property. The restraining order issued has been dissolved and the property is now in the possession of the bank. Any decision that might be rendered in the appeal taken, either af-

firming or reversing the order appealed from, could in no way alter the position of the parties. If the appeal were decided in favor of the petitioner and the order decreeing the change of venue were reversed, such a decision would not restore the possession of the property to the petitioner. The petitioner must resort, independently of this injunction, to the procedure prescribed by law in order that her alleged right of homestead may be judicially determined. As the property has been vacated by the appellant and is now occupied by the Federal Land Bank of Baltimore, the cause that gave rise to the petition for injunction and produced the restraining order has ceased to exist, and any decision on the merits in the appeal taken would be practically academic, for there is no controversy with regard to the injunction, even though the petitioner still preserves the right to have determined in a proper proceeding her homestead claim. The bank which requested and obtained the change of venue, has given a bond to secure the rights of the petitioner.

The appeal must be dismissed.